Ismael REYES, Appellant,

v.

**CREDIT BASED ASSET SERVICING AND SECURITIZATION, by and through its Successor in Interest, Pledged Property II LLC, Appellee.**

No. 04–05–00201–CV.

Court of Appeals of Texas, San Antonio.

Dec. 14, 2005.

---

From the County Court at Law No. 5, Bexar County, Texas, Trial Court No. 299101; H. Paul Canales, Judge Presiding.[1]

Thomas D. Bracey, Law Office of Thomas D. Bracey, San Antonio, for appellant.

Jeffrey A. Hiller, Martin & Cukjati, L.L.P., San Antonio, for appellee.

Sitting: SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

## OPINION

Opinion by KAREN ANGELINI, Justice.

Appellant Ismael Reyes and his wife Evangelina Reyes,[2] purchased a home located at 519 Deer County, San Antonio, Texas and have been using it as their homestead. On March 25, 1999, in order to secure payment of a note, Reyes and his wife executed a Deed of Trust. Upon their default and after appropriate notice, their home was sold at a non-judicial foreclosure sale to Credit Based Asset Servicing and Securitization ("Credit Based"), who received a Substitute Trustee's Deed as evidence of title. The Substitute Trustee's Deed provided that upon a non-judicial foreclosure sale, Reyes was to surrender his home to Credit Based or be deemed a tenant at sufferance. On October 12, 2004, Credit Based filed an original petition for forcible detainer. Credit Based then conveyed its interest in the home to Pledged Property II LLC ("Pledged"). As a successor in interest, Pledged filed a motion for summary judgment and, thereafter, an amended original petition for forcible detainer. Reyes filed a response to the motion for summary judgment, objecting to the summary judgment evidence. On March 3, 2005, the

1. The Honorable Timothy Johnson is the presiding judge of County Court at Law No. 5, Bexar County, Texas. The Honorable H. Paul Canales signed the order granting summary judgment.

2. Evangelina Reyes has not appealed from the summary judgment.

trial court granted summary judgment in favor of Pledged. On March 8, 2005, the trial court set supersedeas bond at $20,000.00. Reyes appeals. There is no reporter's record on appeal of either hearing.

## STANDARD OF REVIEW

To obtain a traditional summary judgment, a party moving for summary judgment must show that no genuine issue of material fact exists and that the party is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548 (Tex.1985). In reviewing the grant of a summary judgment, we must indulge every reasonable inference and resolve any doubts in favor of the nonmovant. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 549. In addition, we must assume all evidence favorable to the nonmovant is true. *Johnson*, 891 S.W.2d at 644; *Nixon*, 690 S.W.2d at 548–49. A defendant is entitled to summary judgment if the evidence disproves as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex.1991). Once the movant has established a right to summary judgment, the burden shifts to the nonmovant to present evidence that would raise a genuine issue of material fact. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

## SUMMARY JUDGMENT ANALYSIS

*A. Finality of Judgment*

■ Reyes argues that the trial court's summary judgment order was not a final judgment because the trial court failed to dispose of Pledged's claim for attorney's fees. In its petition for forcible detainer, Pledged asked that the trial court grant

attorney's fees; however, Pledged did not pray for such relief in its motion for summary judgment. The trial court's order granting summary judgment did not address or award attorney's fees.

For support, Reyes relies on *McNally v. Guevara*, 52 S.W.3d 195, 196 (Tex.2001). In response, Pledged argues that *McNally* is distinguishable. We agree with Pledged. In *McNally*, the defendants filed a motion for summary judgment that addressed only their easement issues and not their claim for attorney's fees. *Id.* at 195. The trial court granted the motion and captioned its order "Judgment." The "Judgment" stated that the defendants' motion "should be in all things granted" but it did not refer to the defendants' claim for attorney's fees. *Id.* at 195–96. On appeal, the court held that "a party's omission of one of his claims from a motion for summary judgment does not waive the claim because a party can always move for partial summary judgment, ... and thus there can be no presumption that a motion for a summary judgment addressed all of the movant's claims." *Id.* at 196. The court further stated that "[n]othing in the trial court's judgment, other than its award of costs to the defendants, suggests that it intended to deny the defendants' claim for attorneys fees. The award of costs, by itself, does not make the judgment final." *Id.* Thus, the order was not final on its face. *Id.*

In contrast, here the order was captioned "Final Summary Judgment" and concluded with the statement that "[t]his is a final judgment and is appealable." The Texas Supreme Court has held that a statement like, "[t]his judgment finally disposes of all parties and all claims and is appealable," would leave no doubt about the court's intention. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 206 (Tex.2001). According to the court, there must be

some clear indication that the trial court intended the order to completely dispose of the entire case. *Id.* An order must be read in light of the importance of preserving a party's right to appeal. *Id.* Here, the order granting summary judgment clearly indicates that the trial court intended for the order to be final and appealable. We, therefore, conclude that the trial court entered a final and appealable judgment.

### B. Pleadings Filed After Motion for Summary Judgment

■ Reyes further contends that the trial court improperly considered Pledged's amended original petition because it was filed after the motion for summary judgment. Pledged filed its motion for summary judgment on February 4, 2005, and filed its amended original petition for forcible detainer on February 8, 2005. On February 28, 2005, Reyes filed his response to the motion for summary judgment, objecting to the summary judgment evidence. On March 3, 2005, more than twenty-one days after the motion was filed, *see* Tex.R. Civ. P. 166a (c), the trial court, after a hearing, granted the motion for summary judgment.

Texas Rules of Civil Procedure 166a(c) provides that the trial court should render summary judgment based on "the pleadings ... on file *at the time of the hearing.*" Tex.R. Civ. P. 166(a)(c) (emphasis added). Rule 63 provides that: "[p]arties may amend their pleadings ... as they may desire by filing such pleas with the clerk at such time as not to operate as a surprise to the opposite party; provided, that any pleadings ... offered for filing within seven days of the date of trial ..., shall be filed only after leave of the judge is obtained...." Tex.R. Civ. P. 63.

Without citing any authority, Reyes argues that "[i]t is fundamentally unfair to file a motion for summary judgment based on one operative pleading, amend, and then appear in court and seek judgment on that amended pleading." Here, the amended petition was filed more than seven days before the hearing, and there is nothing in the record to indicate that Reyes was surprised. The amended petition did not assert a new cause of action or defense. It merely clarified that Pledged, not the original owner, was the one moving for summary judgment as a *successor* in interest. In addition, the motion for summary judgment itself already stated that Pledged was successor in interest to Credit Based. Therefore, it was not fundamentally unfair for Pledged to amend its original petition more than seven days before the hearing. We overrule this issue.

### C. Summary Judgment Evidence

Reyes also argues that the motion and summary judgment evidence were defective and did not support summary judgment because one of the exhibits attached to the motion was incomplete. We disagree. The clerk's record includes the complete exhibit of which Reyes complains. Thus, we overrule this issue.

### SUPERSEDEAS BOND HEARING

■ Finally, Reyes argues that the trial court should have required the court reporter to record the hearing on the supersedeas bond before setting a supersedeas bond at $20,000.00. The Texas Property Code provides, "In setting the supersedeas bond the county court shall provide protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." Tex. Prop.Code Ann. § 24.007 (Vernon 2000). After re-

viewing the record, we conclude that Reyes has waived this issue.

Under Texas Rules of Appellate Procedure 13.1(a), a court reporter must take a full record of all proceedings unless excused by agreement of the parties. TEX. R.APP. P. 13.1(a). Unless the parties expressly waive their right to a record, the court reporter's failure to transcribe the proceedings violates rule 13.1(a) and constitutes error. *Id.; Rittenhouse v. Sabine Valley Ctr. Found., Inc.,* 161 S.W.3d 157, 161–62 (Tex.App.-Texarkana 2005, no pet.). However, in order to preserve the error for appeal, a party has the burden of objecting to the court reporter's failure to record the proceedings. *See* TEX.R.APP. P. 33.1(a); *see also Valle v. State,* 109 S.W.3d 500, 508–09 (Tex.Crim.App.2003); *Rittenhouse,* 161 S.W.3d at 162. This comports with the general rules that an appellate court may consider a case based only upon the clerk's and/or reporter's record filed which must show the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX.R.APP. P. 33.1(a); *see also Brown v. McGonagill,* 940 S.W.2d 178, 179 (Tex.App.-San Antonio 1996, no writ.).

Here, because there is no reporter's record, there is no record of a verbal objection and, thus, the objection apprising the trial court that the court reporter failed to comply with Rule 13.1(a) must be preserved by filing a motion or other written objection. Here, the clerk's record contains no motion or written objection re-garding the court reporter's failure to make a record. As such, Reyes has failed to preserve this issue for appeal.

CONCLUSION

We overrule Reyes's issues and affirm the judgment of the trial court.

Concurring opinion by SARAH B. DUNCAN, Justice.

Concurring opinion by SARAH B. DUNCAN, Justice.

In his second issue, Reyes argues "the trial court erred by setting a supercedeas [sic] bond without taking evidence and without a record of the hearing." The majority does not address the merits of either aspect of Reyes's issue, holding instead that, "to preserve the error" in "the court reporter's failure to transcribe the proceedings" of the supersedeas bond hearing, Reyes was required to "object[ ] [to] the court reporter's failure to make a record."[1] This holding, however, not only fails to dispose of Reyes's first complaint, it fails to consider Rule 13.1(a)'s history in addressing his second complaint. However, since Reyes's second issue can (and should) be disposed of without doing violence to the mandatory nature of the court reporter's duty, I concur in the court's judgment.

When the trial court renders a judgment for the recovery of real property, the amount of "security must be at least . . . the value of the property interest's rent or revenue." TEX.R.APP. P. 24.2(a)(2)(A).

1. *See Valle v. State,* 109 S.W.3d 500, 508–09 (Tex.Crim.App.2003) (holding that an objection is required to preserve error in court reporter's failure to record bench conference and disapproving of holding in *Tanguma v. State,* 47 S.W.3d 663 (Tex.App.-Corpus Christi 2001, pet. ref'd), that "rule dispenses with the requirement of an objection to preserve error"); *Meredith v. Ellis,* No. 11–04–00300–CV, 2005 WL 2572429, at *1 (Tex.App.-East-land Oct. 13, 2005, no. pet. h.) (mem.op.) (holding that appellant failed to preserve error in court reporter's failure to make record of trial by failing to object); *Nabelek v. State.,* No. 14–03–00965–CV, — S.W.3d —, —, 2005 WL 2148999, at * 5 (Tex.App.-Houston [14th Dist.] Sept. 8, 2005, no pet. h.) (holding that appellant failed to preserve error in court reporter's failure to make record of hearing by failing to object).

Therefore, to determine the proper amount of security, the trial court must hear evidence of "the value of the property interest's rent or revenue." *Cf. Culbertson v. Brodsky,* 775 S.W.2d 451, 455 (Tex.App.-Fort Worth 1989, writ dism'd w.o.j.) ("remand[ing] to the trial court with instructions that the trial court shall conduct a hearing and consider evidence relating to the sufficiency of the supersedeas bond, including the present value of the consideration required of Brodsky by the contract and the value of the rent and/or hire of the property"). The trial court thus erred in setting the amount of security without conducting an evidentiary hearing. However, since Reyes does not argue this error harmed him in any way, I would hold the error is harmless. *See* Tex.R.App. P. 44.1; *see Nabelek,* —— S.W.3d at ——, 2005 WL 2148999, at *6 (holding absence of record harmless when hearing was not evidentiary and appellant failed to argue harm). And, since it is undisputed that the trial court did not hold an evidentiary hearing on Reyes's motion to set supersedeas, a reporter's record of the hearing was not required. *Cf. Michiana Easy Livin' Country, Inc. v. Holten,* 168 S.W.3d 777, 782 (Tex.2005) (holding in the pretrial context that "a reporter's record is required only if evidence is introduced in open court; for nonevidentiary hearings, it is superfluous"). The majority holds, however, that Reyes waived his complaint that the court reporter failed to make a record of the hearing by failing to object. In my view, this holding is wrong in light of Rule 13.1(a)'s history.

Before the 1997 amendments to the Texas Rules of Appellate Procedure, Rule 13.1's predecessor provided as follows:

(a) The duties of official court reporters shall be performed under supervision of the presiding judge of the court and shall include, but not be limited to:

(1) attending all sessions of court and making a full record of the evidence *when requested by the judge or any party to a case* ....

Tex.R.App. P. 11(a)(1), 49 Tex. B.J. 561 (Tex. Sup.Ct. and Tex.Crim.App.1986, amended 1997) (emphasis added). With the 1997 amendments, however, the Supreme Court of Texas made the court reporter's duty to make a full record of the proceedings mandatory "unless excused by agreement of the parties." Tex.R.App. P. 13.1(a), 60 Tex. B.J. 886 (Tex. Sup.Ct. and Tex.Crim.App.1997, amended 2002) ("The official court reporter or recorder *must* ... attend court sessions and make a full record of the proceedings unless excused by agreement of the parties.") (emphasis added); *see, e.g., In re Bell,* 91 S.W.3d 784, 791–92 (Tex.2002) (noting that "must" is usually mandatory language). The mandatory nature of the court reporter's duty was continued when the court again amended the current version of Rule 13.1(a) in 2002. *See* Tex.R.App. P. 13.1(a). However, the 2002 amendment followed substantial discussion of whether the duty should be mandatory or only upon request. *See* Hearing of the Supreme Court Advisory Committee, 5398–5425 (Jan. 25, 2002).

The Supreme Court Advisory Committee on the Rules of Civil Procedure initially recommended that the rule be modified to make the duty operative only upon request. *Id.* 5398–99. However, the Supreme Court of Texas responded that it was "not inclined to change the Rule substantively." *Id.* In the discussion that followed, it was pointed out that most trial court proceedings are not recorded, *id.* at 5403–04; section 52.046 of the Texas Government Code made the court reporter's duty operative only upon request, *id.* at 5405; as a result of the conflict between section 52.046 and Rule 13.1(a), the First Court of Appeals had held that the Texas

Court of Criminal Appeals exceeded its rulemaking authority by enacting the rule, *id.* at 5406 [2]; and to require the court reporter to attend a hearing, even for the brief period of time it would take to record that the making of a record was "excused by agreement," would delay the preparation of appellate records. *Id.* at 5418.

On the other side of the discussion, the supreme court's liaison expressed the court's concern, and the reason for the 1997 amendment, as follows:

> [W]e did talk about the concern that has been expressed by some lawyers particularly when they get out of county and they request a court reporter and they think the court reporter is coming in the room, ... because that's what automatically happens ... in their home county. And about halfway through the hearing they look around, and nobody is taking the record, and they find that you have to ask twice in this particular county or you have to ask nicely or there [is] some additional requirement.... The problem was that the Court discussed, and a number of the members are gone now that were there, but the concern that a lawyer would be expecting that he had jumped through the hoops only to look around and find that it wasn't good enough. That was the concern.

*Id.* at 5410–11. At the conclusion of the discussion, the committee voted seventeen to three to recommend that the court reporter be required to make a record only "upon request." *Id.* at 5422. But when the amended rules issued, the court exer-

cised its prerogative to stay its course: "The official court reporter or court recorder ***must*** ... unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings." Tex.R.App. P. 13.1(a). In short, the Supreme Court of Texas has repeatedly rejected the concept of the court reporter being required to make a record only "upon request" and has instead opted for a mandatory duty "unless excused by agreement of the parties." This well-considered judgment should be respected by this Court.

---

**2.** *See Polasek v. State,* 16 S.W.3d 82, 89–90 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd) (holding Rule 13.1(a) "void"); *but see Nabelek,* —— S.W.3d at ——, 2005 WL 2148999, at *8 (Frost, J., concurring) (listing courts of appeals that have declined to follow *Polasek* and stating that "the Court of Criminal Appeals has since applied Rule 13.1(a) [in

*Valle* ], implicitly affirming the validity of the rule").