

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-08-332-CV

KENNETH KOHLER                                                    APPELLANT

V.

M & M TRUCK CONVERSIONS                                           APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This is an appeal from a judgment awarding damages to appellant Kenneth Kohler on his breach of contract and fraud claims against appellee M&M Truck Conversions. We affirm.

M&M Truck Conversions (M&M) contracted with Kenneth Kohler to install a wheelchair lift and related hydraulic equipment on a horse truck. Kohler later

---

[1] *See* Tex. R. App. P. 47.4.

sued M&M for fraud and breach of contract alleging that M&M failed to pay him for his work. After a bench trial, in which no record was made of the proceedings, the trial court rendered judgment in Kohler's favor for $6,500.00 in damages. No findings of fact or conclusions of law were made or requested.

Subsequently, Kohler moved for a new trial on the grounds that damages awarded were manifestly too small[2] and that he was improperly denied a court reporter at trial. At the hearing on the motion, Kohler testified to the amount of his alleged damages but offered no testimony or other evidence to support his allegation that he had been improperly denied a court reporter at trial. The trial court denied Kohler's motion for new trial and this appeal followed.

## I.    Analysis

In one issue, Kohler contends that he is entitled to a new trial because the amount of damages awarded is against the great weight and preponderance of the evidence and because the trial court erroneously denied him a court reporter at trial.

_____

[2] Kohler alleged that he incurred actual damages in the amount of $20,333.00 in addition to exemplary damages, attorney's fees, and interest.

## A. Lack of a Court Reporter at Trial

Unless the parties expressly waive their right to a record, the court reporter's failure to transcribe the proceedings constitutes error.[3] To preserve such error for appeal, however, the complaining party has the burden of timely objecting to the court reporter's failure to record the proceedings.[4] To be timely, an objection must be made as soon as its basis becomes apparent, so that the trial court has the opportunity to rule on the matter and correct possible error before proceeding.[5]

There is no record showing that Kohler requested a court reporter or made an objection to the absence of a court reporter during trial. He first objected

---

[3] *Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.); *see* Tex. R. App. P. 13.1(a) (stating that the official court reporter must, "unless excused by agreement of the parties, attend court sessions and make a full record of the proceedings").

[4] Tex. R. App. P. 33.1(a); *see Reyes*, 190 S.W.3d at 740 (noting that the preservation requirement "comports with the general rules that an appellate court may consider a case based only upon the clerk's and/or reporter's record filed which must show the complaint was made to the trial court by a timely request, objection, or motion").

[5] *See Barnett v. State*, 161 S.W.3d 128, 132 (Tex. App.—Fort Worth 2005), *aff'd*, 189 S.W.3d 272 (Tex. Crim. App. 2006) (holding that timely objection is required "to allow the trial court to have the opportunity to make a determination and ruling" and "proceed with the trial under the proper procedural and substantive manners, as appropriately corrected by the trial court"); *Hoxie Implement Co. v. Baker*, 65 S.W.3d 140, 145 (Tex. App.—Amarillo 2001, pet. denied) (concluding that appellate rule 33.1 requires "objections to a trial court's proposed conduct be urged in a timely manner").

more than four months after trial in his motion for new trial. We hold that Kohler's objection was not timely because it was not raised when error became apparent and did not afford the trial court the opportunity to correct possible error before proceeding with the trial.[6] Therefore, Kohler has failed to preserve error for appeal and we overrule this subissue.

## B.    Amount of Damages Awarded

Kohler contends that the damages award is manifestly too small and is against the great weight and preponderance of the evidence. In a bench trial where no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it.[7] Also, in the absence of a reporter's record, we indulge every presumption in favor of the trial court's findings.[8] Because there is no reporter's record of the trial, we

---

[6] *See St. Paul Surplus Lines Ins. Co. v. Dal-Worth Tank Co.*, 974 S.W.2d 51, 53 (Tex.1998) (holding that raising objection for first time in motion for new trial is not timely if complaint could have been urged earlier).

[7] *Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996).

[8] *See Bryant v. United Shortline Inc. Assurance Servs.*, 972 S.W.2d 26, 31 (Tex. 1998); *In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.).

must presume that the evidence presented at trial supports the damages award.[9] Accordingly, we overrule this subissue.

---

[9] *See, e.g.*, *Patrick v. Watson*, No. 02-07-00075-CV, 2008 WL 2854656, at *1 (Tex. App.—Fort Worth July 24, 2008, no pet.) (mem. op.) (holding that legal and factual sufficiency complaints must be overruled in absence of reporter's record of trial).

## II.    Conclusion

Having overruled Kohler's sole issue on appeal, we affirm the trial court's judgment.

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT and MEIER, JJ.

DELIVERED:  August 21, 2009