COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-08-332-CV

 

 

KENNETH KOHLER                                                               APPELLANT

 

                                                   V.

 

M & M TRUCK CONVERSIONS                                                  APPELLEE

 

                                              ------------

 

         FROM COUNTY
COURT AT LAW NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

This is an appeal from a judgment awarding
damages to appellant Kenneth Kohler on his breach of contract and fraud claims
against appellee M&M Truck Conversions. 
We affirm.








M&M Truck Conversions (M&M) contracted
with Kenneth Kohler to install a wheelchair lift and related hydraulic
equipment on a horse truck.  Kohler later
sued M&M for fraud and breach of contract alleging that M&M failed to
pay him for his work.  After a bench
trial, in which no record was made of the proceedings, the trial court rendered
judgment in Kohler=s favor for $6,500.00 in
damages.  No findings of fact or
conclusions of law were made or requested.

Subsequently, Kohler moved for a new trial on the
grounds that damages awarded were manifestly too small[2]
and that he was improperly denied a court reporter at trial.  At the hearing on the motion, Kohler
testified to the amount of his alleged damages but offered no testimony or
other evidence to support his allegation that he had been improperly denied a
court reporter at trial.  The trial court
denied Kohler=s motion for new trial and this
appeal followed.

                                           I.     Analysis

In one issue, Kohler contends that he is entitled
to a new trial because the amount of damages awarded is against the great
weight and preponderance of the evidence and because the trial court
erroneously denied him a court reporter at trial.








A.     Lack of a Court Reporter
at Trial

Unless the parties expressly waive their right to
a record, the court reporter=s
failure to transcribe the proceedings constitutes error.[3]  To preserve such error for appeal, however,
the complaining party has the burden of timely objecting to the court reporter=s
failure to record the proceedings.[4]  To be timely, an objection must be made as
soon as its basis becomes apparent, so that the trial court has the opportunity
to rule on the matter and correct possible error before proceeding.[5]








There is no record showing that Kohler requested
a court reporter or made an objection to the absence of a court reporter during
trial.  He first objected more than four
months after trial in his motion for new trial. 
We hold that Kohler=s
objection was not timely because it was not raised when error became apparent
and did not afford the trial court the opportunity to correct possible error
before proceeding with the trial.[6]  Therefore, Kohler has failed to preserve
error for appeal and we overrule this subissue.

B.     Amount of Damages Awarded








Kohler contends that the damages award is
manifestly too small and is against the great weight and preponderance of the
evidence.  In a bench trial where no
findings of fact or conclusions of law are filed, the trial court=s
judgment implies all findings of fact necessary to support it.[7]  Also, in the absence of a reporter=s
record, we indulge every presumption in favor of the trial court=s
findings.[8]  Because there is no reporter=s record
of the trial, we must presume that the evidence presented at trial supports the
damages award.[9]  Accordingly, we overrule this subissue.








                                         II.     Conclusion

Having overruled Kohler=s sole
issue on appeal, we affirm the trial court=s
judgment.

 

PER CURIAM

PANEL:  CAYCE, C.J.; DAUPHINOT
and MEIER, JJ.

DELIVERED:  August 21, 2009











[1]See Tex. R. App. P. 47.4.





[2]Kohler alleged that he
incurred actual damages in the amount of $20,333.00 in addition to exemplary
damages, attorney=s fees, and interest.





[3]Reyes v. Credit Based
Asset Servicing & Securitization, 190 S.W.3d 736, 740 (Tex. App.CSan Antonio 2005, no
pet.); see Tex. R. App. P. 13.1(a) (stating that the official court
reporter must, Aunless excused by
agreement of the parties, attend court sessions and make a full record of the
proceedings@).





[4]Tex. R. App. P. 33.1(a); see
Reyes, 190 S.W.3d at 740 (noting that the preservation requirement Acomports with the general
rules that an appellate court may consider a case based only upon the clerk=s and/or reporter=s record filed which must
show the complaint was made to the trial court by a timely request, objection,
or motion@).





[5]See Barnett v. State, 161 S.W.3d 128, 132
(Tex. App.CFort Worth 2005), aff'd,
189 S.W.3d 272 (Tex. Crim. App. 2006) (holding that timely objection is
required Ato allow the trial court
to have the opportunity to make a determination and ruling@ and Aproceed with the trial
under the proper procedural and substantive manners, as appropriately corrected
by the trial court@); Hoxie Implement Co.
v. Baker, 65 S.W.3d 140, 145 (Tex. App.CAmarillo 2001, pet. denied) (concluding that
appellate rule 33.1 requires Aobjections to a trial court=s proposed conduct be
urged in a timely manner@).





[6]See St. Paul Surplus
Lines Ins. Co. v. Dal‑Worth Tank Co., 974 S.W.2d 51, 53 (Tex.1998) (holding
that raising objection for first time in motion for new trial is not timely if
complaint could have been urged earlier).





[7]Pharo v. Chambers County, 922 S.W.2d 945, 948
(Tex. 1996).





[8]See Bryant v. United
Shortline Inc. Assurance Servs., 972 S.W.2d 26, 31 (Tex. 1998); In re Spiegel,
6 S.W.3d 643, 646 (Tex. App.CAmarillo 1999, no pet.).





[9]See, e.g., Patrick v. Watson,
No. 02-07-00075-CV, 2008 WL 2854656, at *1 (Tex. App.CFort Worth July 24, 2008,
no pet.) (mem. op.) (holding that legal and factual sufficiency complaints must
be overruled in absence of reporter=s record of trial).