Opinion issued January 15, 2010
     











In The
Court of Appeals
For The
First District of Texas




NO. 01-09-00851-CV




IN RE CERTAIN UNDERWRITERS AT LLOYD’S LONDON, Relator




Original Proceeding on Petition for Writ of Mandamus




MEMORANDUM OPINION







          By a petition for writ of mandamus, Certain Underwriters at Lloyd’s of
London, Subscribing to Policy No. FRW14151 (“Lloyds”) challenge the trial court’s
September 21, 2009 order vacating an earlier summary judgment and declaring that
Lloyds has a duty to defend real party in interest, Keith E. Parker, in a separate
lawsuit. Lloyds contends that the trial court’s order is void because its plenary power
had expired before it signed the order. We agree that the trial court lacked plenary
power; thus, the September 2009 order is void. Accordingly, we conditionally grant
mandamus relief. 
Background

          Starla Bauer sued Parker for damages caused by a grass fire, in a lawsuit
captioned Starla Bauer d/b/a Bauer Farms v. Keith E. Parker and Stephen Adkisson,
filed in Harris County (“the Bauer litigation”). Lloyds, Parker’s insurance company,
tendered to Parker a defense in the Bauer litigation, subject to a reservation of rights. 
Lloyds then petitioned for declaratory judgment in Harris County, seeking (1) a
declaratory judgment that Lloyds owed no duty to defend or indemnify Parker against
claims arising out of the Bauer litigation, and (2) costs and attorney’s fees pursuant
to the declaratory judgment action. Parker answered the lawsuit, but filed no
affirmative claims for relief. On April 7, 2008, Lloyds moved for summary judgment,
requesting:
that declaratory judgment be entered stating that Lloyd[s] has no duty to
defend or indemnify Parker in the underlying litigation or against any
other claims arising out of the fire on or about January 6, 2006. Lloyd[s]
further request[s] that it be awarded its taxable costs of court and
reasonable attorneys’ fees and that it have such other and further relief
to which it is justly entitled.  
 
Lloyds included an affidavit in support of attorney’s fees as part of its summary
judgment evidence. Parker did not respond or object to Lloyds’ motion for summary
judgment. At an oral hearing on May 16, 2008, the trial court signed an order
granting Lloyds’ motion for summary judgment, which stated, in part,
Ordered, Adjudged and Decreed that Plaintiff Certain Underwriters at
Lloyd[s] London, Subscribing to Policy No. FRW14151 owes no duty
to defend Keith E. Parker, individually and d/b/a Keith E. Parker in
regards to that lawsuit styled Starla Bauer Farms v. Keith E. Parker and
Stephen Adkisson . . . .
 
Ordered, Adjudged and Decreed that no coverage exists for the damages
and occurrence alleged by Starla Bauer to have occurred on January 6,
2006 . . . under Policy No. FRW14151 issued by Lloyd[s] to Keith E.
Parker, effective August 10, 2005 through August 10, 2006. This
judgment is [a] final judgment. All relief not expressly granted herein
is denied. 
 
The trial court entered the judgment on its docket as a final judgment on May 16,
2008. No party filed a motion that would have extended plenary power. Over a year
and three months after the trial court’s May 16, 2008 order, Parker moved for
reconsideration of the summary judgment and moved for his own summary judgment. 
Lloyds filed a plea to the jurisdiction, challenging the trial court’s plenary power to
vacate its final judgment. On September 21, 2009, the trial court vacated its order
granting summary judgment and granted Parker’s cross-motion for summary
judgment. The dispute in this proceeding is whether the trial court’s May 16, 2008
order granting Lloyds’ motion for summary judgment was a final judgment, thus
rendering the September 2009 order vacating it void. 
Standard of Review
Mandamus relief is available to correct certain trial court errors that lack an
adequate remedy by appeal. Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992)
(orig. proceeding). In particular, mandamus relief is proper when a trial court signs
a void order after its plenary power expired. In re Brookshire Grocery Co., 250
S.W.3d 66, 68 (Tex. 2008). 
Trial Court Jurisdiction
          Lloyds contends that the trial court’s May 16, 2008 order was a final judgment,
from which no party filed a post-judgment motion or appealed. Because no party
filed a post-judgment motion, Lloyds contends, the trial court lost plenary power
thirty days after it signed the order granting summary judgment. Lane Bank Equip.
Co. v. Smith S. Equip., Inc., 10 S.W.3d 308, 310 (Tex. 2000). Parker responds that
the May 16, 2008 order is not a final judgment because the judgment does not address
Lloyds’ request for costs of court and attorney’s fees. Consequently, Parker contends,
the order is interlocutory, and thus, the trial court continues to have jurisdiction over
the case. 
          “[A] judgment issued without a conventional trial is final for purposes of
appeal if and only if either it actually disposes of all claims and parties then before
the court, regardless of its language, or it states with unmistakable clarity that it is a
final judgment as to all claims and all parties.” Lehmann v. HarCon Corp., 39
S.W.3d 191, 192–93 (Tex. 2001). If a judgment disposes of all parties and claims,
based on the record in the case, it is a final judgment, regardless of its language. Id.
at 200. Even if an order or judgment does not finally dispose of all remaining parties
and claims, express language of finality can make it final, even though it should have
been interlocutory. Id. But, “[a]n order does not dispose of all claims and all parties
merely because it is entitled ‘final’, or because the word ‘final’ appears elsewhere in
the order, or even because it awards costs.” Id. at 205. 
          Here, the trial court’s order states: “This judgment is [a] final judgment. All
relief not expressly granted herein is denied.” A review of the record supports the
conclusion that the trial court’s May 16, 2008 order was a final summary judgment,
as the judgment recites. Lloyds and Parker are the only parties involved in the
underlying lawsuit. The judgment thus expressly disposed of all parties to the case. 
Lloyds also received all the relief it sought in its motion for summary judgment from
the trial court’s May 16, 2008 order, except for attorney’s fees and costs of court. 
Parker raised no counter-claims against Lloyds prior to the May 16, 2008 order.
          Attorney’s fees and costs are discretionary under the Declaratory Judgments
Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (Vernon 2008) (“[T]he court may
award costs and reasonable and necessary attorney’s fees as are equitable and just.”);
Bocquet v. Herring, 972 S.W.2d 19, 20 (Tex. 1998). Parker contends that the court’s
failure to specifically address Lloyds’ claim for attorney’s fees and costs in its May
16, 2008 order prevents the order from being classified as a final judgment. He relies
upon the Texas Supreme Court’s decision in McNally v. Guevara in support. 52
S.W.3d 195, 196 (Tex. 2001). In McNally, the Texas Supreme Court held that a
judgment was not final and appealable in part because “it did not dispose of the
defendants’ claim for attorney’s fees.” Id. 
          McNally is factually distinguishable. In that case, no party moved for summary
judgment on the fee claim—thus, the Supreme Court held, the issue was never joined,
and the order granted only partial relief. See id. There, the plaintiff sued for a
declaration that an easement he owned could be used for parking. The defendants
counterclaimed, and also sought their attorney’s fees as affirmative relief. Id. at 195. 
The defendants moved for summary judgment on the plaintiff’s claim, addressing the
easement issue but not their counterclaim for fees. Id. The trial court granted the
motion, reciting that the defendants’ motion “should be in all things granted,” and
taxed all costs against the plaintiff. Id. at 195–96. The judgment did not refer to the
defendants’ claim for attorneys’ fees. 
          Unlike the defendants in McNally, Lloyds presented its claim for attorney’s
fees and costs in its motion for summary judgment and attached an affidavit in
support of that claim. See id. at 195. Thus, Lloyds’ motion sought relief on all of
Lloyds’ claims, including fees and costs. See id. at 196. In further contrast, here, the
trial court’s May 16, 2008 order “denied all relief” not “expressly granted” in the
order. Id. at 195–96. Accordingly, the absence of a specific reference to attorney’s
fees does not render the May 16, 2008 final summary judgment order interlocutory,
where Lloyds requested fees and costs in the motion and provided an affidavit in
support, the trial court denied all requested relief that was not “expressly granted,”
and the award of fees and costs was purely discretionary with the trial court. 
Compare McNally, 52 S.W.3d at 196 (order not disposing of attorney’s fees was
interlocutory because it did not expressly deny affirmative claims, and issue was not
raised in motion for summary judgment) with St. Raphael Med. Clinic, Inc. v. Mint
Med. Physician Staffing, LP, 244 S.W.3d 436, 440 (Tex. App.—Houston [1st Dist.]
2008, no pet.) (agreed judgment not specifically addressing claim for attorney’s fees
final because of intent of parties and because it was “conclusive on every other matter
that could have been litigated. . . .”) and Reyes v. Credit Based Asset Serv. and
Securitization, 190 S.W.3d 736, 738–39 (Tex. App.—San Antonio 2005, no pet.)
(summary judgment order not specifically addressing claim for attorney’s fees was
final because of language indicating trial court intended it to be final and appealable)
and Emerson v. Chase Manhattan Mortgage Corp., No. 04-05-00323-CV, 2005 WL
3477862, at *3 (Tex. App.—San Antonio Dec. 21, 2005, no pet.) (same). 
          We hold that the record supports the trial court’s stated intent that the May 16
order be a final judgment. Because a motion was not filed to extend plenary power,
the trial court’s plenary power expired thirty days after May 16, 2008. Lane Bank
Equip. Co., 10 S.W.3d at 310 (unless motion extending plenary power is filed,
plenary power expires thirty days after final judgment is signed). Accordingly, we
hold that the trial court’s September 21, 2009 order is void. Id. Conclusion
          The trial court lost plenary power over this case 30 days after it rendered a final
summary judgment on May 16, 2008. We therefore conditionally grant the petition
for writ of mandamus, and direct the trial court to vacate its September 21, 2009
order, as it is void for lack of jurisdiction. We lift our stay of proceedings. 
 
                                                                        Jane Bland
                                                                        Justice

Panel consists of Chief Justice Radack and Justices Bland and Massengale.