•           •           • 
 • • •





MEMORANDUM OPINION

No. 04-09-00654-CV

Maurice A. YARTER,
Appellant

v.

KARNES COUNTY COMMISSIONERS COURT,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 09-09-00125-CVK
Honorable Michael Peden, Judge Presiding
 
Opinion by:    Karen Angelini, Justice
 
Sitting:            Karen Angelini, Justice
Phylis J. Speedlin, Justice
Rebecca Simmons, Justice

Delivered and Filed: February 17, 2010

AFFIRMED
            Maurice A. Yarter appeals the trial court’s order denying his application for temporary
injunction. On appeal, he argues that the trial court abused its discretion in so ruling “without
allowing the parties to present evidence.” According to Yarter, while the trial court may limit the
evidence presented, “such limitations cannot deprive the parties of their right to be heard.” Yarter,
however, has waived this issue because there is no reporter’s record in this appeal.



            Texas Rule of Appellate Procedure 13.1(a) requires a court reporter to make a full record of
all proceedings unless excused by agreement of the parties. See Tex. R. App. P. 13.1(a). And, unless
the parties expressly waive their right to a record, the court reporter’s failure to transcribe the
proceedings violates Rule 13.1(a) and constitutes error. Reyes v. Credit Based Asset Servicing &
Securitization, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.); McCray v. Dretke,
No. 04-06-00104-CV, 2007 WL 1200058, at *1 (Tex. App.—San Antonio 2007, no pet.). However,
to preserve this error for appeal, a party has the burden of objecting to the court reporter’s failure to
record the proceedings. Reyes, 190 S.W.3d at 740; McCray, 2007 WL 1200058, at *1. Here, there
is nothing in the appellate record to indicate that Yarter objected to the court reporter’s failure to
record the proceedings. And, without a reporter’s record of the hearing, there is nothing to indicate
that the trial court prevented Yarter from presenting evidence.
            In his brief, Yarter points to the trial court’s order as proof that the court considered only
pleadings and arguments of counsel before denying his application for temporary injunction.
However, while the order does state that the trial court “reviewed the pleadings and argument of
counsel,” no where does it indicate that the trial court prevented Yarter from presenting evidence.
            We affirm the trial court’s order denying Yarter’s application for temporary injunction.
 
Karen Angelini, Justice