Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



# MEMORANDUM OPINION

No. 04-09-00654-CV

Maurice A. **YARTER**,
Appellant

v.

**KARNES COUNTY COMMISSIONERS COURT**,
Appellee

From the 81st Judicial District Court, Karnes County, Texas
Trial Court No. 09-09-00125-CVK
Honorable Michael Peden, Judge Presiding

Opinion by:   Karen Angelini, Justice

Sitting:     Karen Angelini, Justice
            Phylis J. Speedlin, Justice
            Rebecca Simmons, Justice

Delivered and Filed: February 17, 2010

AFFIRMED

    Maurice A. Yarter appeals the trial court's order denying his application for temporary injunction. On appeal, he argues that the trial court abused its discretion in so ruling "without allowing the parties to present evidence." According to Yarter, while the trial court may limit the

evidence presented, "such limitations cannot deprive the parties of their right to be heard." Yarter, however, has waived this issue because there is no reporter's record in this appeal.[1]

Texas Rule of Appellate Procedure 13.1(a) requires a court reporter to make a full record of all proceedings unless excused by agreement of the parties. *See* TEX. R. APP. P. 13.1(a). And, unless the parties expressly waive their right to a record, the court reporter's failure to transcribe the proceedings violates Rule 13.1(a) and constitutes error. *Reyes v. Credit Based Asset Servicing & Securitization*, 190 S.W.3d 736, 740 (Tex. App.—San Antonio 2005, no pet.); *McCray v. Dretke*, No. 04-06-00104-CV, 2007 WL 1200058, at *1 (Tex. App.—San Antonio 2007, no pet.). However, to preserve this error for appeal, a party has the burden of objecting to the court reporter's failure to record the proceedings. *Reyes*, 190 S.W.3d at 740; *McCray*, 2007 WL 1200058, at *1. Here, there is nothing in the appellate record to indicate that Yarter objected to the court reporter's failure to record the proceedings. And, without a reporter's record of the hearing, there is nothing to indicate that the trial court prevented Yarter from presenting evidence.

In his brief, Yarter points to the trial court's order as proof that the court considered only pleadings and arguments of counsel before denying his application for temporary injunction. However, while the order does state that the trial court "reviewed the pleadings and argument of counsel," no where does it indicate that the trial court prevented Yarter from presenting evidence.

We affirm the trial court's order denying Yarter's application for temporary injunction.


Karen Angelini, Justice

---

[1] In Yarter's docketing statement, he indicated that a reporter's record was not applicable and that no court reporter was present during the hearing.