Motion for
Rehearing Denied.  Affirmed and Memorandum Opinion of January 25, 2011,
Withdrawn and Substitute Memorandum Opinion filed March 8, 2011.

 

In The

 

Fourteenth Court of Appeals



NO. 14-09-01004-CV



James G. Strachan, Appellant

v.

FIA Card Services,
a/k/a Bank of America, Appellee

 



On Appeal from the County Court at Law No. 2

Fort Bend County, Texas

Trial Court Cause No. 08-CCV-037650



 

SUBSTITUTE MEMORANDUM
OPINION[1] 

A consumer appeals the trial court’s order granting
summary judgment in favor of a credit-card company that brought suit against
him, alleging breach of contract arising out of his failure to repay debt on a
consumer-credit account.  We affirm.

Factual and Procedural
Background

As reflected in the live pleadings, appellee FIA Card
Services, N.A., a/k/a Bank of America brought suit against appellant James G.
Strachan, alleging breach of contract for Strachan’s failure to repay cash
advances FIA Card Services made to Strachan under an agreement for consumer
credit.  FIA Card Services filed a motion for summary judgment with two
supporting exhibits:  (1) Exhibit A, which consisted of an affidavit of an
agent of FIA Card Services and an attached copy of the applicable written
agreement between the parties, and (2) Exhibit B, an affidavit pertaining to
attorney’s fees.  

In response, Strachan, acting pro se, asserted that
the trial court lacked jurisdiction because FIA Card Services failed to attach
a valid contract that served as the basis for the claim either to the live
pleadings or to the motion for summary judgment.  Strachan objected to the
affidavit in Exhibit A (attached to FIA Card Service’s motion for summary
judgment), contending that the affidavit is invalid because the affiant was not
identified in the jurat.  Without a valid affidavit, Strachan asserted, the
attached agreement was unsworn and could not be used in support of the motion
for summary judgment.  Strachan also argued that jurisdiction was “fabricated”
because the agreement was unsigned.  Strachan argued that inasmuch as FIA Card
Services was relying on invalid evidence, the trial court should dismiss for
lack of jurisdiction because FIA Card Services presented no justiciable issue
to the court.  Strachan also urged the trial court to deny the motion for
summary judgment because the motion had no evidentiary support.  

The trial court set a hearing on the motion for
November 10, 2009.  Strachan filed a document entitled, “Defendant’s Request to
Take Judicial Notice,” requesting that the trial court take judicial notice of
the following:

Having verified for
the Court on October 29, 2009 that Plaintiff’s Motion for Summary Judgment set
for hearing on November 10, 2009[,] is based on an invalid Affidavit filed on
December 8, 2008, Defendant does not intend to participate in said Plaintiff’s
hearing, should it be held as scheduled.

On the hearing date, the
trial court signed an order granting summary judgment in favor of FIA Card
Services. 

Issues and Analysis

            On appeal,
Strachan challenges the trial court’s jurisdiction.  In addition, he asserts
that FIA Card Services’s supporting affidavit is “void and invalid” and, for
this reason, the trial court should not have granted summary judgment.  Finally,
Strachan asserts that the trial court erred in failing to have a court reporter
make a record of the summary-judgment proceedings. 

Did the trial court err in
not dismissing the case for lack of jurisdiction?

In his second issue,[2] Strachan claims that
the trial court should have dismissed the case for lack of jurisdiction,
apparently on the basis that FIA Card Services did not provide evidence in
support of its breach-of-contract claim.  Strachan points to FIA Card
Services’s live pleadings, original petition, and summary-judgment motion as
lacking evidentiary support, which, according to Strachan, shows that FIA Card
Services has failed to allege a controversy that could be resolved by judicial
relief.  Strachan asserts that because there was no justiciable interest for
the trial court to decide, the trial court should have dismissed the case for
lack of jurisdiction.

Strachan does not cite any legal authority supporting
his claim that a plaintiff is required to marshal its evidence in a petition in
order to assert a justiciable controversy.  Even if we were to presume for the
sake of argument that the evidence in question were defective or insufficient
to prove the matters in issue, that would only mean that the claims failed for
lack of evidence or that the claims were without merit but it would not mean
that the trial court lacked jurisdiction to hear them.  In its live pleadings,
FIA Card Services asserted a claim for breach of contract against Strachan,
alleging Strachan failed to pay the amounts advanced under the parties’
agreement.  This contractual dispute is a justiciable controversy over which
the trial court would have proper subject matter jurisdiction.  See, e.g.,
Maan v. First ATM, Inc., No. 03-06-00698-CV, 2008 WL 5210923, at *1–3 (Tex.
App.—Austin Dec. 12, 2008, no pet.) (mem. op.) (determining that claims
involving breach of contract, fraud, and fraudulent inducement were not moot
and that a live justiciable controversy existed even if appellant claimed to
have satisfied the judgment amount after the writ of execution issued).[3] 
Therefore, jurisdiction was not improper based on the lack of a justiciable
controversy.  We overrule Strachan’s second issue.

Did the trial court err in
granting summary judgment?

            In his first
issue, Strachan asserts the trial court should not have granted summary
judgment in favor of FIA Card Services because he raised an issue of material
fact.  

In the context of a traditional motion for summary
judgment, if the movant’s motion and summary-judgment evidence facially
establish its right to judgment as a matter of law, the burden shifts to the
nonmovant to raise a genuine, material fact issue sufficient to defeat summary
judgment.  M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d
22, 23 (Tex. 2000).  In our de novo review of the trial court’s summary
judgment, we consider all the evidence in the light most favorable to the
nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors
could, and disregarding contrary evidence unless reasonable jurors could not.  Mack
Trucks, Inc. v. Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence
raises a genuine issue of fact if reasonable and fair-minded jurors could
differ in their conclusions in light of all of the summary-judgment evidence.  Goodyear
Tire & Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  When, as
in this case, the order granting summary judgment does not specify the grounds
upon which the trial court relied, we must affirm the summary judgment if any
of the independent summary-judgment grounds is meritorious.  See FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).  

According to the summary-judgment proof submitted by
FIA Card Services in support of its motion, the parties entered into an
agreement by which FIA Card Services made cash advances either as actual cash
or as payment for purchases made by Strachan from third parties.  Under the
agreement, by accepting each cash advance, and without objecting to any of the
charges, Strachan became bound to pay the principal balance, which he failed to
do.  As pertinent to this appeal, supporting proof in the form of a copy of the
agreement and an affidavit of an FIA Card Services’s agent accompanied the
motion. 

            Strachan asserts
that the affidavit in FIA Card Services’s Exhibit A is “void and invalid” and
claims the affidavit does not identify the affiant, the affidavit is unsworn,
and the affiant’s signature is illegible.  According to Strachan, because the
affidavit is defective, the attached agreement is not authenticated and cannot
be used as evidentiary support.  Objections to defects in the form of a
summary-judgment affidavit must be asserted in the trial court.  Dolcefino
v. Randolph, 19 S.W.3d 906, 925 (Tex. App.—Houston [14th Dist.] 2000, pet
denied).  Although the record reflects that Strachan raised these issues as to
the form of the affidavit in the trial court via his response to FIA Card
Services’s motion, the record does not reflect that Strachan obtained a ruling
or that the trial court refused to rule on his objections to this evidence.  See
id.  Therefore, Strachan has not preserved error on his complaints about
the form of affidavit.  See id.

            Strachan also
refers to his response to FIA Card Services’s motion for summary judgment as
raising a genuine issue of material fact.  In this response, Strachan provided
no evidence other than his own verified response.  Neither a motion for summary
judgment nor a response, even if sworn, can ever be proper summary-judgment
proof.  Quanain v. Frasco Rest. & Catering, 17 S.W.3d 30, 42 (Tex.
App.—Houston [14th Dist.] 2000, pet. denied) (op. on reh’g).  Because a
verified response is not proper summary-judgment proof and Strachan failed to
produce any evidence in response to the motion, Strachan did not raise a
material fact issue.  FIA Card Services was entitled to summary judgment.  See
id.  We overrule Strachan’s first issue.

Did the trial court err in failing to have a record made
of the summary-judgment proceedings?

            In his third
issue, Strachan asserts the trial court should have had a reporter’s record
made of the summary-judgment proceedings on November 10, 2009, as Strachan
previously had requested.  Strachan asserts that inasmuch as he did not attend
the hearing, he was prejudiced by the absence of the record because he cannot
determine whether FIA Card Services testified or whether the trial court
applied an erroneous legal concept in granting the summary-judgment motion.

            An oral hearing
is not required for summary judgment.  Martin v. Martin, Martin &
Richards, Inc., 989 S.W.2d 357, 359 (Tex. 1998) (per curiam).  Indeed, the
Texas Rules of Civil Procedure expressly provide that “[n]o oral testimony
shall be received at the hearing.”  Tex.
R. App. P. 166a(c).  For this reason, a summary-judgment hearing is
generally not transcribed.  Instead, the trial court rules based on the issues
and evidence submitted in proper written form.  As one court has noted, to
“permit ‘issues’ to be presented orally would encourage parties to request that
a court reporter record summary[-]judgment hearings, a practice neither
necessary, nor appropriate to the purposes of such hearing.”  El Paso Assocs.,
Ltd. v. J.R. Thurman & Co., 786 S.W.2d 17, 19 (Tex. App.—El Paso 1990,
no pet.).  Because a motion for summary judgment is submitted on written proof,
a transcript of the summary-judgment hearing is not necessary to appeal a
summary judgment that was granted based on an “erroneous legal concept,” as
Strachan asserts.  And, in any event, Strachan failed to preserve error as to
any such complaint.

To preserve error for appellate review, a party must
object to the court reporter’s failure to record the proceedings.  See Tex. R. App. P. 33.1(a); Reyes v.
Credit Based Asset Servicing & Securitization, 190 S.W.3d 736, 740
(Tex. App.—San Antonio 205, no pet.).  As a general rule, an appellate court
may consider a case based only upon the appellate record on file, which must
reflect that a complaint was made to the trial court by a timely request,
objection, or motion.  See Tex.
R. App. P. 33.1(a).  Although Strachan claims he was prejudiced by the
absence of the reporter’s record, Strachan, himself, acknowledges that he was
not present for the hearing on November 10, 2009, and therefore failed to
preserve error by objecting to the absence of a court reporter or to the court
reporter’s failure to record the proceeding.  Likewise, the clerk’s record
contains no motion or written objection regarding the court reporter’s failure
to make a record and no ruling by the trial court on the issue.  See Reyes,
190 S.W.3d at 740.  Even without the reporter’s record of the hearing, Strachan
has not demonstrated any error in connection with the summary-judgment
proceedings or the trial court’s ruling.  See King v. Wells Fargo Bank, N.A.,
205 S.W.3d 731, 733 (Tex. App.—Dallas 2006, no pet.).  Strachan has failed to
preserve this issue for appellate review.  See Reyes, 190 S.W.3d at
740.  We therefore overrule Strachan’s third issue.

The trial court’s
judgment is affirmed.

 

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Brown.

 

 

 

 









[1]
This court’s memorandum opinion issued January 25, 2011, is withdrawn, and this
substitute memorandum opinion is issued in its place.  Appellant James G.
Strachan’s motion for rehearing is overruled.





[2]
Strachan asserts his jurisdictional challenge in his second issue; we address
the jurisdictional issue first. 





[3] Section 25.0811(2) of the Texas Government Code
establishes County Court at Law Number 2 of Fort Bend County, Texas.  Tex. Gov’t Code Ann. § 25.0811(2) (West
2004).  Statutory county courts at law generally have statutorily prescribed
jurisdiction in civil cases in which the matter in controversy exceeds $500 but
does not exceed $100,000, excluding interest, damages and penalties, and
attorney’s fees, as alleged on the face of the petition.  See id. §
25.0003(c)(1) (West Supp. 2009); Smith v. Clary Corp., 917 S.W.2d 796,
798 (Tex. 1996).  As reflected by the pleadings, FIA Card Services alleged an
amount in controversy of $30,811.49, which is within the jurisdictional
limits.  See Tex. Gov’t Code Ann.
§ 25.0003(c)(1).  The trial court had jurisdiction.