

# NUMBER 13-21-00020-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

CARRIE M. LEO,                                                                    Appellant,

v.

TYLER C. THOMAS AND
NICHOLAS STACEY,                                                              Appellees.

### On appeal from the 444th District Court
### of Cameron County, Texas.

# ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Longoria and Tijerina
### Order Per Curiam

On February 13, 2021, appellant Carrie M. Leo filed an "Emergency Motion for Stay Pending Appeal," requesting that this Court stay enforcement of the trial court's January 6, 2021 order imposing sanctions against her during the pendency of this appeal. Appellees, Tyler C. Thomas and Nicholas Stacey, did not file a response to appellant's

motion. This Court denied appellant's "Emergency Motion for Stay Pending Appeal." Appellant subsequently filed that order on April 10, 2021. We grant appellant's request and remand to the trial court for proceedings to determine the amount of security to supersede the judgment pending appeal.

## I.    APPLICABLE LAW

A judgment debtor is entitled to supersede and defer payment of the judgment while pursuing an appeal. *Miga v. Jensen*, 299 S.W.3d 98, 100 (Tex. 2009). Texas Rule of Appellate Procedure 24.4 authorizes an appellate court to engage in a limited supersedeas review. *See* TEX. R. APP. P. 24.4. On any party's motion, we may review: (1) the sufficiency or excessiveness of the amount of security, (2) the sureties on a bond, (3) the type of security, (4) the determination whether to permit suspension of enforcement, and (5) the trial court's exercise of discretion in ordering the amount and type of security. *See id.* Rule 24.4(a). We may require that the amount of a bond be increased or decreased and that another bond be provided and approved by the trial court clerk. *See id.* Rule 24.4(d).

A judgment may be superseded and enforcement of the judgment suspended pending appeal. *See id.* Rule 24.1(a). The purpose of supersedeas is to preserve the status quo of the matters in litigation as they existed before the issuance of the judgment from which an appeal is taken. *Smith v. Tex. Farmers Ins. Co.*, 82 S.W.3d 580, 585 (Tex. App.—San Antonio 2002, pet. denied). Rule 24.1 sets out the requirements for suspending enforcement of a judgment pending appeal in civil cases. A supersedeas bond must be in the amount required by Rule 24.2 of the Texas Rules of Appellate

2

Procedure. *See* TEX. R. APP. P. Rule 24.1(b)(1)(A). Under Rule 24.2, the amount of the bond depends on the type of judgment. *See id.* Rule 24.2(a). When the judgment is for the recovery of money, such as here, the amount of the bond must equal the sum of compensatory damages awarded in the judgment, interest for the estimated duration of the appeal, and costs awarded in the judgment. *Id.* Rule 24.2(a)(1); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 52.006(a), (b).

## II.    ANALYSIS

In the present case, appellant is requesting that we stay enforcement of the trial court's January 6, 2021 order imposing sanctions against her during the pendency of this appeal because she claims she is indigent. However, the trial court did not set an amount of supersedeas bond for appellant to post to prevent enforcement of the judgment pending appeal. *See* TEX. R. APP. P. 24.1. To determine the type and amount of security necessary to preserve the status quo during the pendency of an appeal, the trial court must hear and consider evidence. *See Reyes v. Credit Based Asset Servicing and Securitization*, 190 S.W.3d 736, 741 (Tex. App.–San Antonio 2005, no pet.) (Duncan, J., concurring). In such a situation, we must remand to the trial court for proceedings to determine the amount of security necessary to preserve the status quo during the pendency of this appeal and to enter an appropriate order pertaining to the security that must be posted by appellant. *See* TEX. R. APP. P. Rule 24.4(d).

After examining and fully considering appellant's motion, we GRANT Appellant's motion insofar as we ABATE and REMAND this appeal to the trial court to determine the amount of security and to enter an appropriate order pertaining to the security that must

3

be posted by appellant. Upon remand, the trial court shall utilize whatever means necessary to make appropriate findings and recommendations concerning this matter. *See generally* TEX. R. APP. P. 24. The trial court shall cause its findings and recommendations together with any orders it may enter regarding these issues to be included in a supplemental clerk's record. Further, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's record, if any, shall be filed with the Clerk of this Court on or before the expiration of thirty days from the date of this order.

PER CURIAM

Delivered and filed on the
23rd day of April, 2021.

4