## RED GIN CO. v. ALLEN–MORROW CO.

### No. 1222.

Court of Civil Appeals of Texas. Waco.

May 19, 1932.

New Opinion Substituted July 11, 1932.

Mr. & Mrs. C. S. Bradley, of Groesbeck, for plaintiff in error.

Weatherby & Rogers and B. A. Garrett, all of Waco, for defendant in error.

BARCUS, J.

Defendants in error obtained in the district court of McLennan county a judgment against St. Mary's Oil Engine Company for approximately $3,000. They caused a writ of garnishment to be issued against the Red Gin Company, a corporation, and a separate writ against C. E. Gregory, individually and as receiver of the Red Gin Company, who were alleged to be residents of Limestone county. The Red Gin Company, through its president, H. W. Gabriel, answered that it was indebted to the St. Mary's Oil Engine Company in the sum of approximately $7,900. Based upon said answer, the trial court entered judgment for defendants in error against plaintiff in error for the amount of the judgment which

defendants in error had against St. Mary's Oil Engine Company.

Plaintiff in error presents three assignments of error, with appropriate propositions thereunder. Its first contention is that the trial court erred in rendering the judgment against the Red Gin Company because the application and affidavit for garnishment in effect stated that the Red Gin Company was in the hands of a receiver. Second, it contends the judgment of the trial court is erroneous because the application and affidavit for garnishment and the answer of the receiver show that the property sought to be impounded was in the custody of a receiver for the corporation appointed by the court in Limestone county. Third, it contends that the trial court erroneously entered judgment since the answer of the receiver of the Red Gin Company states that the property of said corporation was in his hands as receiver appointed by the court in Limestone county.

While the application for the writ of garnishment asked for a writ against the Red Gin Company, a corporation, and against C. E. Gregory, individually and as receiver of said corporation, the transcript filed in this court does not show any answer to have been filed by the receiver. The record shows that the judgment appealed from in this case was based alone upon the answer filed by the corporation acting through its president. No contention was made either in the trial court, and none is made in this court, that said answer did not speak the truth or that the person who answered as president for said corporation did not in fact hold said position, or that he was not in fact authorized to make said answer. Under this state of the record, the trial court properly entered judgment against the Red Gin Company on its answer filed. Barton v. Montex Corporation (Tex. Civ. App.) 295 S. W. 950.

Plaintiff in error's contention that the trial court could not enter judgment because of the answer filed by Mr. Gregory, individually and as receiver of the Red Gin Company, is, we think, without merit. A transcript of various pleadings filed in the district court in Limestone county has been filed in this court, per agreement of parties, and it appears therefrom that Mr. Gregory, individually and as receiver of the Red Gin Company, filed in the district court of McLennan county an answer to the writ of garnishment served on him and same was docketed in said court under a separate and distinct number from that served on the Red Gin Company, a corporation, and on motion of Gregory said answer and all proceedings thereunder were transferred to the district court of Limestone county, where same is still pending.

The only question involved in the present appeal is the validity of the judgment ren-

dered by the trial court against the Red Gin Company, a corporation, on the answer filed by its president. All of the papers relative thereto seem to be in regular form and comply fully with the statute, and no reversible error appears to have been committed by the trial court in rendering said judgment. If the president of said company who filed said answer was not authorized to make same, or if said answer did not speak the truth, these are questions that must first be presented to the trial court for its determination.

 The transcript of papers filed in the district court in Limestone county are not properly a part of the transcript in this case and cannot be looked to by this court in determining what action should be taken by this court relative to the judgment appealed from as rendered by the district court of McLennan county.

We have carefully examined the transcript of the proceedings had in the district court of McLennan county, which rendered the judgment in this case, and finding no reversible error, same is affirmed.