**Beth BROWN, Appellant,**

v.

**Mike H. McGONAGILL, Appellee.**

**No. 04–96–00119–CV.**

Court of Appeals of Texas, San Antonio.

Dec. 26, 1996.

Jeffrey S. Mahl, Reginald Van Wade, Del Rio, for appellant.

Heriberto Urby, Jr., Del Rio, for appellee.

Before CHAPA, C.J., and LÓPEZ and HARDBERGER, JJ.

## OPINION

CHAPA, Chief Justice.

This is an appeal from a judgment entered by the county court at law in favor of appellee in a breach of contract case. In 1994, appellee Mike McGonagill orally agreed to build an awning over appellant Beth Brown's mobile home. The price agreed upon was $5,800. Brown paid McGonagill $4,000 up front, but when the awning was complete, she expressed her dissatisfaction with McGonagill's work and refused to pay him the amount due. McGonagill brought a breach of contract action against Brown in justice court, seeking to recover the balance due under the agreement. McGonagill obtained a default judgment.

Brown appealed the default judgment through a trial de novo proceeding in the county court at law. In this proceeding, Brown brought a counterclaim against McGo-nagill on breach of contract and DTPA grounds. In his response to Brown's action, McGonagill asserted additional claims against Brown on slander and defamation grounds. Trial was to the bench. At the conclusion of McGonagill's case, the trial court instructed the verdict in Brown's favor on the slander and defamation causes of action. On the remaining causes of action, the trial court ruled in favor of McGonagill for the amount of $1,000. Brown filed a motion to modify the judgment, which was denied by the trial court without a hearing.

The judgment in this case was signed on October 23, 1995. On November 9, 1995, appellant properly requested findings of fact and conclusions of law as required by TEX.R. CIV. P. 296. On December 4, 1995, appellant filed a notice of past due findings of fact and conclusions of law pursuant to TEX.R. CIV. P. 297. The record, however, contains no findings of fact or conclusions of law. Appellant contends that the trial court erred in failing to file findings of fact and conclusions of law as requested.

Appellee attaches to his brief a file stamped copy of findings of fact and conclusions of law which indicate that they were filed on December 1, 1996. An appellate court must consider a case based upon the record filed, and it cannot consider documents attached as exhibits or appendices to briefs or motions. *Mitchison v. Houston Ind. School Dist.,* 803 S.W.2d 769, 771 (Tex. App.—Houston [14th Dist.] 1991, writ denied). Therefore, based upon the record before us, we must presume that no findings of fact and conclusions of law were filed. Further, the findings of fact and conclusions of law attached to appellee's brief do not exhibit the signature of the trial judge. As such, even if we were to consider the document attached to appellee's brief, it does not represent the findings and conclusions of the court.

Following a proper request and reminder, the trial court's duty to file findings of fact and conclusions of law is mandatory. *Cherne Industries, Inc. v. Magallanes,* 763 S.W.2d 768, 771 (Tex.1989). The failure to respond where all requests have been made

is presumed harmful, unless the record affirmatively shows no injury. *Id.* (quoting *Wagner v. Riske,* 142 Tex. 337, 343, 178 S.W.2d 117, 120 (1944)). The appropriate question to consider in determining harm in such a case is whether the appellant will be forced to guess the reason or reasons that the trial court ruled against it. *City of Los Fresnos v. Gonzalez,* 830 S.W.2d 627, 629 (Tex.App.— Corpus Christi 1992, no writ).

In the present case, appellant asserted three causes of action against appellee: breach of warranty, fraud, and violation of the Texas Deceptive Trade Practices Act. The trial court's judgment simply states that:

> The Deceptive Trade Practices Act (D.T.P.A.) cause of action by [appellant] is hereby DENIED with prejudice ... [and] any and all other actions by [appellant] against [appellee] are hereby DENIED with prejudice.

The statement of facts contains conflicting evidence regarding appellant's causes of action. As such, it is not clear from the record exactly why the trial court denied appellant's causes of action. Under these circumstances, we cannot say that the record affirmatively shows no injury. The appropriate remedy in this case is to abate the appeal and direct the trial court to correct its error by filing the findings of fact and conclusions of law as requested. *Id.* at 630; Tex.R.App. P. 81(a). Accordingly, this appeal is ABATED and the case is REMANDED to the trial court with instructions to enter findings of fact and conclusions of law.