MEMORANDUM OPINION




No. 04-03-00152-CV



Anil Kumar GUPTA and Laredo Perfume, Inc.,


Appellants



v.



Kish MANWANI and Manisha Manwani,


Appellees



From the County Court at Law No. 1, Webb County, Texas


Trial Court No. 2000-CVF-002090-C1


Honorable Alvino Ben Morales, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 31, 2003


ABATED

 Anil Gupta ("Gupta") and Laredo Perfume, Inc. ("Laredo Perfume") appeal a judgment
entered after a bench trial. Gupta and Laredo Perfume allege that the trial court erred by, among
other issues, failing to make findings of fact and conclusions of law. We agree that the trial court's
failure to make findings was harmful error; therefore, we abate this appeal and remand the cause to
the trial court for the entry of findings of fact and conclusions of law. Because the entry of the
findings of fact and conclusions of law may affect the issues Gupta and Laredo Perfume intend to
raise upon reinstatement of the appeal, we do not address the other issues raised in the appellants'
brief in this opinion.

 "Following a proper request and reminder, the trial court's duty to file findings of fact and
conclusions of law is mandatory." Brown v. McGonagill, 940 S.W.2d 178, 179 (Tex. App.--San
Antonio 1996, no writ). "The failure to respond where all requests have been made is presumed
harmful, unless the record affirmatively shows no injury." Id. at 179-80. "The appropriate question
to consider in determining harm in such a case is whether the appellant will be forced to guess the
reason or reasons that the trial court ruled against it." Id. at 180.

 "If there is only a single ground of recovery or a single defense, an appellant does not usually
have to guess at the reasons for the trial court's judgment." Larry F. Smith, Inc. v. The Weber Co.,
Inc., 110 S.W.3d 611, 614 (Tex. App.--Dallas 2003, pet. filed). "When there are two or more
possible grounds of recovery or defense, [however], an appellant is forced to guess what the trial
court found unless the trial court's findings are provided to him." Id. "Forcing the appellant to
guess at the trial court's reasons for rendering judgment defeats the inherent purpose of both rule 296
and rule 297, [which is to] 'narrow the bases of the judgment to only a portion of [the multiple]
claims and defenses, thereby reducing the number of contentions that the appellant must raise on
appeal.'" Id. (quoting 6 McDonald & Carlson, Texas Civil Practice 2d § 18:3 (1998)).

 In this case, Kish Manwani and Manisha Manwani (the "Manwanis") sued Gupta and Laredo
Perfume for damages to property the Manwanis leased to Gupta. The Manwanis previously had
Gupta evicted from the property in a separate action. Although the original lease named Laredo
Perfume as the lessee, the lease in effect at the time of the eviction named Gupta as the lessee. The
trial court entered judgment in favor of the Manwanis on November 18, 2002. On November 21,
2002, Gupta and Laredo Perfume filed a timely request for findings of fact and conclusions of law.
See Tex. R. Civ. P. 296 (requiring request to be filed within twenty days from the date of the
judgment). When the trial court failed to meet the deadline for filing the findings and conclusions,
Gupta and Laredo Perfume filed a timely notice of past due findings of fact and conclusions of law
on December 13, 2002. See Tex. R. Civ. P. 297 (requiring notice to be filed within thirty days after
the original request).

 In general, it would appear that a landlord can recover for damages to the leased premises
under a claim for waste, a tort claim, or a claim for breach of an implied covenant, a contractual
claim. See King's Court Racquetball v. Dawkins, 62 S.W.3d 229 (Tex. App.--Amarillo 2001, no
pet.); Flores v. Rizik, 683 S.W.2d 112, 115-16 (Tex. App.--San Antonio 1984, no writ). Although
the trial court's award of attorney's fees could be an indication that the trial court was basing its
judgment on a contractual claim, Laredo Perfume, which was not a party to the lease agreement in
effect at the time of the eviction, is included in the judgment. (1) Furthermore, during trial, the
Manwanis' attorney stated, "This is not a suit on the lease. ... We are not collecting damages under
the lease. ... There is nothing in the lease that says, and nothing in our petition, rather, that says that
we are suing under the lease. We are suing for the damages that he caused prior to leaving the
building. This is not a suit under the lease."

 Because the record does not affirmatively show the nature of the claim upon which the trial
court granted relief, this appeal is abated, and the cause is remanded to the trial court with
instructions to enter findings of fact and conclusions of law.


 Catherine Stone, Justice
1. We express no opinion as to whether the Manwanis could recover against Laredo Perfume under a contractual
claim, we simply note the apparent inconsistency as a reason findings of fact and conclusions of law are necessary.