

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00075-CV

_____

BILLY LEE COPELAND, Appellant

V.

ASHLEY NICOLE MORELAND, Appellee

On Appeal from the County Court
Franklin County, Texas
Trial Court No. 1964

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Ashley Nicole Moreland, individually and on behalf of her four minor children, obtained a protective order against her husband, Billy Lee Copeland, in the County Court of Franklin County. Copeland appeals, asserting that the trial court lacked subject-matter jurisdiction to enter the protective order. Because Copeland has failed to show that the trial court lacked subject-matter jurisdiction, we affirm that court's ruling.

Moreland's application for protective order claims that Moreland and her children are all residents of Miller County, Missouri, and that Copeland is a resident of Montgomery County, Texas. In the affidavit attached to the application, Moreland alleges that several incidents of abuse to the children occurred in the home of her mother, located in Mount Vernon, Texas.[1] On the day the application was filed, a temporary, ex parte protective order was entered. After granting a motion to extend the temporary ex parte order, the trial court held a final hearing July 30, 2014. Both Moreland and Copeland appeared in person at the final hearing and waived a record of testimony.[2] The final protective order was signed and entered that same day granting, *inter alia*, Moreland exclusive possession of the children and barring Copeland from any possession or access to the children for a period of two years, subject to further orders of the court. The record reflects that Copeland did not file an answer or any other pleadings or motions in the trial court.

---

[1]We take judicial notice that Mount Vernon is located in Franklin County. We may take judicial notice of the location of cities, because such a geographical fact is "'easily ascertainable and capable of verifiable certainty.'" *In re P.M.G.*, 405 S.W.3d 406, 413 n.7 (Tex. App.—Texarkana 2013, no pet.) (quoting *Butts Retail, Inc. v. Diversifoods, Inc.*, 840 S.W.2d 770, 774 (Tex. App.—Beaumont 1992, writ denied)).

[2]Since a record of testimony was waived, the appellate record contains only the clerk's record.

Copeland argues that the trial court erred in considering the application for protective order since no party resided in Franklin County and a suit for the dissolution of the marriage was pending in another court. Copeland argues that the court in Franklin County lacked subject-matter jurisdiction[3] to consider Moreland's application since Moreland was required to file her application in Montgomery County pursuant to Section 82.005 of the Texas Family Code.

> A person who wishes to apply for a protective order with respect to the person's spouse and who is a party to a suit for the dissolution of a marriage or a suit affecting the parent-child relationship that is pending in a court must file the application as required by Subchapter D, Chapter 85.

TEX. FAM. CODE ANN. § 82.005 (West 2014).

Copeland alleges that, when Moreland filed her application, a suit for the dissolution of their marriage[4] was pending in Montgomery County and that, therefore, Moreland was required by Section 85.062 of the Texas Family Code to file her application in that proceeding. Under that section, when a suit for dissolution of a marriage is pending, "a party to the suit may apply for a protective order against another party to the suit by filing an application: (1) in the court in which the suit is pending; or (2) in a court in the county in which the applicant resides." TEX. FAM. CODE ANN. § 85.062(a) (West 2014). Since Moreland is a resident of Missouri, Copeland

---

[3]Whether a trial court has subject-matter jurisdiction is a legal question that is subject to de novo review by an appellate court. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998). It cannot be waived and may be raised for the first time on appeal either by the parties or *sua sponte* by the appellate court. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex. 1993); *Geldard v. Watson*, 214 S.W.3d 202, 206 (Tex. App.—Texarkana 2007, no pet.). We review the pleadings to determine whether the pleader has alleged facts that affirmatively demonstrate the trial court's subject-matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 226 (Tex. 2004); *Newman v. Bryan*, No. 06-13-00063-CV, 2013 WL 5576369, at *2 (Tex. App.—Texarkana, Oct. 9, 2013, no pet.) (mem. op.). We liberally construe the pleadings in favor of the plaintiff and look to her intent. *Miranda*, 133 S.W.3d at 226.

[4]Copeland does not allege that a suit affecting the parent-child relationship was pending at the time Moreland filed her application.

argues that the only court in which Moreland could have filed her application was the court in which the suit for the dissolution of their marriage was pending. Copeland further argues that Section 82.005 and Section 85.062 are not merely venue provisions, but rather deprive the court in Franklin County of subject-matter jurisdiction. Although these provisions do not necessarily deprive the trial court of subject-matter jurisdiction,[5] we need not reach this issue since no evidence in the appellate record shows that a suit for the dissolution of the marriage was pending at the time the application was filed.

To support his argument, Copeland relies primarily on certified copies of a list of pleadings, the docket sheet, and certain purported orders related to cause number 14-03-03243 in the County Court at Law No. 3 of Montgomery County, Texas, all of which are attached as appendices to his brief. None of these, however, are contained in the appellate record of the case before us. The appellate record consists of the clerk's record and, if necessary, a reporter's record. TEX. R. APP. P. 34.1. Attaching documents to briefs as exhibits or appendices does not make them part of the appellate record. *Robb v. Horizon Communities Improvement Ass'n, Inc.*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.). We are required to consider a case based on the appellate record filed and cannot consider documents attached to briefs as exhibits or appendices. *Id.*; *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 342 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Brown v. McGonagill*, 940 S.W.2d 178, 179 (Tex. App.—San Antonio 1996, no writ); *Perry v. Kroger Stores, Store No. 119*, 741 S.W.2d 533, 534 (Tex. App.—Dallas 1987, no writ); *Zodiac Corp. v. Gen. Elec. Credit Corp.*, 566 S.W.2d 341, 347

---

[5]*See, e.g.*, *In re Salgado*, 53 S.W.3d 752, 760–61 (Tex. App.—El Paso 2001, orig. proceeding).

(Tex. Civ. App.—Tyler 1978, no writ). Further, it has long been the law of this state that "an appellate court cannot go to the record of another case for the purpose of ascertaining a fact not shown in the record of the case before it." *Victory v. State*, 158 S.W.2d 760, 763 (Tex. 1942) (citing *Armendiaz v. De La Serna*, 40 Tex. 291, 303 (1874)); *see also Red Gin Co. v. Allen-Morrow Co.*, 52 S.W.2d 294, 295 (Tex. Civ. App.—Waco 1932, no writ) (pleadings from Limestone County District Court filed in court of appeals, but not part of record of case appealed from McLennan County cannot be considered). Therefore, we do not consider the documents attached as appendices to Copeland's brief.

The only bits of evidence in the record that Copeland cites to support his argument that we should apply Sections 82.005 and 85.062 in this case are Moreland's answers to the questions asked in paragraph 4 of the preprinted Application form. Paragraph 4 asks, "Are there other court cases, like divorce, custody, support, involving the Applicant, Respondent, or the Children?" Moreland checked the preprinted "Yes" box. It then asks, "If 'Yes,' say what kind of case and if the case is active or completed." Moreland then wrote, "Divorce, Custody & Sexual Abuse is still active." However, there is nothing in these answers, or anywhere else in the appellate record, that indicates that Copeland and Moreland are currently married or that there is a divorce case pending in which both Copeland and Moreland are parties. Section 82.005 applies only when one spouse is applying for a protective order against the other spouse and both spouses are parties to a suit for the dissolution of the marriage. TEX. FAM. CODE ANN. § 82.005. Section 85.062 applies only when there is a suit for dissolution of a marriage pending and one party seeks a protective order against another party to the suit. TEX. FAM. CODE ANN. § 85.062.

5

Since there is nothing in the appellate record demonstrating that these sections apply in this case, we overrule Copeland's point of error.[6]

We affirm the order of the trial court.


Josh R. Morriss III
Chief Justice

Date Submitted: January 13, 2015
Date Decided: February 10, 2015

---

[6]Copeland also asserts that Moreland has not alleged facts that establish subject-matter jurisdiction, but this assertion is also based on his mistaken view that Sections 82.005 and 85.062 are applicable to this case. We note that Title 4 of the Texas Family Code governs the issuance of protective orders related to family violence. *See* TEX. FAM. CODE ANN. §§ 71.001–92.001 (West 2014). Section 85.001 authorizes courts to issue protective orders on finding certain facts. TEX. FAM. CODE ANN. § 85.001. Included in the definition of courts having jurisdiction under Title 4 are county courts. TEX. FAM. CODE ANN. § 71.002. Further, based on the allegations in her application, Moreland, as an adult family member, would have standing to file the application. *See* TEX. FAM. CODE ANN. § 82.002(a) (West 2014). Finally, Moreland alleged that several of the acts of family violence occurred in Franklin County. *See* TEX. FAM. CODE ANN. § 82.003. Thus, Moreland's pleadings affirmatively demonstrate the subject matter jurisdiction of the trial court.

6