

# Fourth Court of Appeals
## San Antonio, Texas

August 25, 2016

No. 04-16-00335-CV

**IN THE INTEREST OF A.M.**,

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-05876
Honorable Renée Yanta, Judge Presiding

# O R D E R

Appellant timely requested findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296 (requiring request for findings of fact and conclusions of law to be filed within twenty days after judgment is signed). The trial court failed to file the findings, and appellant timely filed a notice of past due findings of fact and conclusions of law. *Id*. R. 297 (requiring the party making the request shall within thirty days after original request file notice of past due findings and conclusions if the trial court fails to timely file findings of fact and conclusions of law). The trial court did not file the requested findings of fact and conclusions of law.

In his *pro se* brief, appellant raised an issue complaining of the trial court's failure to file the requested findings. "Following a proper request and reminder, the trial court's duty to file findings of fact and conclusions of law is mandatory," when findings and conclusions are appropriate. *Brown v. McGonagill*, 940 S.W.2d 178, 179 (Tex. App.—San Antonio 1996, no writ). The trial court's failure to file findings of fact and conclusions of law where all requests required by the rules have been made is presumed harmful, unless the record affirmatively shows no injury. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam); *Brown*, 940 S.W.2d at 179-80. The question we must consider in determining harm "is whether the appellant will be forced to guess the reason or reasons the trial court ruled against it." *Brown*, 940 S.W.2d at 180. Here, appellant asserts he is unable to discern the facts and grounds for recovery with regard to various parts of the trial court's judgment.

Because the lack of findings of fact and conclusions of law may inhibit appellant's ability to present his issues on appeal, we abate the appeal and remand the cause to the trial court. We order the trial court to prepare findings of fact and conclusions of law and file them with the trial court clerk by **September 26, 2016**. We further order the trial court clerk to prepare and file a supplemental clerk's record with this court containing the findings of fact and conclusions of law immediately after they are filed by the trial court with the clerk.

Furthermore, appellant attached an exhibit to his brief and the exhibit contains the full name and birthdate of A.M., a minor when the underlying suit was filed. All documents filed that contain such sensitive data must be redacted. Tex. R. App. P. 9.9(a)-(c). A *pro se* party must comply with all applicable rules of appellate procedure. *In re A.D.A.*, 287 S.W.3d 382, 385 n.1 (Tex. App.—Texarkana 2009, no pet.). We therefore **strike** appellant's brief. Appellant will have an opportunity to refile his brief in compliance with Rule 9.9 after the appellate record is supplemented with the trial court's findings of fact and conclusions of law.

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 25th day of August, 2016.

Keith E. Hottle
Clerk of Court