Opinion filed August 8, 2019



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00088-CV
_____

## WILLIAM R. HICKEY, Appellant

## V.

## VANDERBILT MORTGAGE AND FINANCE, INC., Appellee

**On Appeal from the 35th District Court**
**Brown County, Texas**
**Trial Court Cause No. CV1709388**

## M E M O R A N D U M   O P I N I O N

This is an appeal from a no-answer default judgment. Appearing pro se, William R. Hickey appeals the denial of his motion to set aside a default judgment entered against him. In a single issue on appeal, Appellant contends that the trial court erred when it denied his motion to set aside the default judgment. We affirm the judgment of the trial court.

*Background Facts*

On September 26, 2017, Appellee, Vanderbilt Mortgage and Finance, Inc., filed an original petition to foreclose on its interest in Appellant's manufactured home after Appellant defaulted on a retail installment contract concerning the purchase of that home. A process server, Louis C. Starzel, made numerous attempts to serve Appellant but was unsuccessful. Appellee subsequently filed a motion for substituted service pursuant to Texas Rule of Civil Procedure 106. Appellee attached to the motion an "Affidavit of Due Diligence" executed by Starzel. In the affidavit, Starzel stated that he attempted to serve Appellant numerous times at Appellant's home but that he was unable to access the property. Starzel also stated that he received a telephone call from a man claiming to be Appellant who stated that Starzel left his card on the wrong gate and that Appellant would only accept service for his bankruptcy proceeding.

The trial court granted Appellee's motion for substituted service by authorizing citation "by posting to the front door or entry gate at [Appellant's] usual place of abode: 7820 CR 327, Blanket, TX 76432." Appellee subsequently filed a return of service consisting of an affidavit from Starzel entitled "Proof of Service," which indicated that he served citation by posting it on Appellant's gate at 7820 CR 327, Blanket, Texas 76432. Appellant did not file an answer. Appellee then filed a motion for entry of default judgment. The trial court subsequently entered a default judgment against Appellant on January 18, 2018.

On February 7, 2018, Appellant filed a motion to set aside the default judgment, asserting that it should be set aside because (1) he did not receive service and (2) he had a meritorious defense. The trial court conducted a hearing on the motion to set aside the default judgment. Appellant acknowledged at the hearing that he placed a call to Starzel as described in Starzel's affidavit. Appellant stated that he told Starzel that Starzel would have to "walk across the pasture to

[Appellant's] house" if Starzel wanted to serve Appellant. Appellant attributed Starzel's failure to come to the house on "laziness." The trial court denied Appellant's motion to set aside the default judgment.

*Analysis*

In his sole issue, Appellant contends that the trial court erred when it denied his motion to set aside the default judgment. We note at the outset that Appellant makes several additional arguments in his brief that are not amenable to resolution in this appeal. For example, Appellant has attached several documents and photographs to his briefs that were never presented to the trial court. The appellate record consists of the clerk's record and, if necessary, a reporter's record. TEX. R. APP. P. 34.1. Attaching documents to briefs as exhibits or appendices does not make them part of the appellate record. *Robb v. Horizon Cmtys. Improvement Ass'n*, 417 S.W.3d 585, 589 (Tex. App.—El Paso 2013, no pet.). An appellate court is required to consider a case solely on the appellate record, and it cannot consider documents attached to briefs as exhibits or appendices. *Id.*; *Cherqui v. Westheimer St. Festival Corp.*, 116 S.W.3d 337, 342 (Tex. App.—Houston [14th Dist.] 2003, no pet.); *Brown v. McGonagill*, 940 S.W.2d 178, 179 (Tex. App.—San Antonio 1996, no writ).

Additionally, Appellant argues that the default judgment violated many of his constitutional rights. He also makes several complaints about the trial court and opposing counsel. However, Appellant did not present these arguments to the trial court. Rule 33.1 of the Texas Rules of Appellate Procedure requires that a party lodge a "timely request, objection, or motion" to preserve a complaint for appellate review. TEX. R. APP. P. 33.1(a)(1); *Wal-Mart Stores, Inc. v. McKenzie*, 997 S.W.2d 278, 280 (Tex. 1999). Appellate courts are not authorized to consider issues not properly raised by parties at the trial court level. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 577 (Tex. 2006). Complaints cannot be raised for the first time on

3

appeal, as Appellant attempts to do here. *See State Office of Risk Mgmt. v. Martinez*, 539 S.W.3d 266, 273 (Tex. 2017); *Tex. Dep't of Protective & Regulatory Servs. v. Sherry*, 46 S.W.3d 857, 861 (Tex. 2001) (constitutional claim on appeal was waived by failure to raise complaint at trial).

A no-answer default judgment is properly granted if (1) the plaintiff files a petition that states a cause of action and invokes the trial court's jurisdiction, (2) the petition gives fair notice to the defendant, and (3) the petition does not disclose any invalidity of the claim on its face. *Paramount Pipe & Supply Co. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988). A no-answer default results in the defaulting defendant's admission of all facts properly pleaded in the petition (except for the amount of unliquidated damages). *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam). Thus, if the facts set out in the petition allege a cause of action, the default judgment conclusively establishes the defendant's liability. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984).

Appellant primarily contends that he was not properly served. Strict compliance with the procedural rules governing citation and return of service must affirmatively appear on the record if a default judgment is to withstand direct attack. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (per curiam); *see also* TEX. R. CIV. P. 99, 103, 105, 106, 107. When reviewing a default judgment, we make no presumptions in favor of valid issuance, service, and return of citation. *Primate Constr.*, 884 S.W.2d at 152. Whether service strictly complied with the rules is a question of law that we review de novo. *Furst v. Smith*, 176 S.W.3d 864, 868–70 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

As previously noted, Appellee filed a motion for substituted service after several failed attempts at serving Appellant in person. Appellant appears to be asserting that the failure to personally serve him results in a lack of proper service.

In advancing this argument, Appellant appears to be asserting that substituted service is ineffectual to constitute proper service. We disagree.

"Texas law prefers personal service over substituted service." *Vespa v. Nat'l Health Ins. Co.*, 98 S.W.3d 749, 751 (Tex. App.—Fort Worth 2003, no pet.); *Mylonas v. Tex. Commerce Bank–Westwood*, 678 S.W.2d 519, 522 (Tex. App.—Houston [14th Dist.] 1984, no writ). However, Texas law allows substituted service if personal service fails. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 298–99 (Tex. 1993) (per curiam). As noted by the Texas Supreme Court in *Costley*, "[s]ubstituted service exists to allow plaintiffs to effect service where proof of actual notice under Rule 106(a) is impractical." [1] *Id.* at 298. Accordingly, valid service by substituted service is effective to constitute proper service.

When substituted service occurs, it must strictly comply with the order authorizing it because the order "is the sole basis of authority authorizing substituted service." *Taylor v. State*, 293 S.W.3d 913, 916 (Tex. App.—Austin 2009, no pet.); *Vespa*, 98 S.W.3d at 752. Rule 106(b) governs substituted service. It provides:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) [personal service] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or

---

[1]As noted in *Costley*, a plaintiff that utilizes substituted service pursuant to an order from the trial court is not required to provide proof of actual notice to the defendant because such a requirement would frustrate Rule 106(b)'s purpose. 868 S.W.2d at 299.

> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b). When a trial court orders substituted service under Rule 106, the only authority for the substituted service is the order itself. *Vespa*, 98 S.W.3d at 752. As a result, any deviation from the trial court's order necessitates a reversal of the default judgment based on service. *Id.* When citation is made by an alternative method of service under Rule 106(b), proof of service must be made in the manner ordered by the court. TEX. R. CIV. P. 107. The return of service is prima facie evidence of how service was performed. *Vespa*, 98 S.W.3d at 752.

As noted previously, the trial court's order permitting substituted service provided that service could be accomplished by posting citation "to the front door or entry gate at [Appellant's] usual place of abode: 7820 CR 327, Blanket, TX 76432." In his proof of service, Starzel averred that he executed service at 7820 CR 327, Blanket, Texas 76432 by posting to Appellant's gate. Thus, Starzel's affidavit attached to the return of service established that substituted service was accomplished on Appellant under Rule 106 in a manner and at the address specified in the order for substituted service.

Appellant contends that Starzel did not post anything on his gate or his property. However, the trial court confirmed with Appellant that his address was 7820 CR 327, Blanket, Texas 76432, and Starzel's affidavit stated that he posted citation at this address. Appellant's statement was evidence that service pursuant to the trial court's order for substituted service was reasonably effective to give Appellant notice of the suit. *See Costley*, 868 S.W.2d at 299. Furthermore, Appellant's statement acknowledging that he spoke with Starzel about Starzel's efforts to serve him indicates that Appellant was aware that Appellee was trying to serve him. Accordingly, the trial court did not err by denying Appellant's motion to

set aside the default judgment on the basis that Appellee did not properly serve Appellant.

Appellant prepared his motion to set aside the default judgment on a form provided by TexasLawHelp.org. The form provided two choices for Appellant to check: "Check box 5a or box 5b." Box 5a applied to a claim of "Lack of Notice." Appellant checked box 5a on the form, indicating that "[he] did not file an answer because [he] was not properly served with citation." Appellant also wrote under box 5b that he had a meritorious defense. His meritorious defense concerned his claim that the manufactured home had an improperly installed roof. However, he did not check box 5b indicating that he did not file an answer because of accident or mistake.

A meritorious defense is one of the three elements for an equitable motion for new trial under *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). Under *Craddock*, a trial court must set aside a default judgment and grant a new trial if (1) the failure of the defendant to answer or appear was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident; (2) the motion for new trial sets up a meritorious defense; and (3) the granting of the motion for new trial will occasion no delay or otherwise work an injury to the plaintiff. *Milestone Operating, Inc. v. ExxonMobil Corp.*, 388 S.W.3d 307, 309 (Tex. 2012) (citing *Craddock*, 133 S.W.2d at 126). We review a trial court's refusal to set aside a default judgment and grant an equitable motion for new trial for abuse of discretion. *Lerma*, 288 S.W.3d at 926. When, as here, no findings of fact and conclusions of law are filed, the denial of a motion to set aside the default judgment and for new trial must be upheld on any legal theory supported by the evidence. *See Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984).

As noted above, Appellant did not assert that his failure to answer or appear was not intentional but was due to an accident or mistake. In considering the first prong of the *Craddock* test—whether the failure to answer was not intentional, or

7

the result of conscious indifference, but was due to a mistake or accident—we must look to the knowledge and acts of the defendant as shown by all the evidence contained in the record before the court. *Dir., State Emps. Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). Appellant acknowledged that he spoke with Starzel concerning the attempt to serve him with process. In light of this conversation and Appellant's knowledge that Starzel was trying to serve him, the trial court could have reasonably found that Appellant's failure to answer was the result of conscious indifference, thereby failing to satisfy the first prong of the *Craddock* test. Because Appellant failed to satisfy the first prong of *Craddock*, the trial court did not abuse its discretion by denying Appellant's motion for new trial. Accordingly, we do not consider whether Appellant had a meritorious defense. We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY<br>CHIEF JUSTICE


August 8, 2019

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.