

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00535-CV

**IN THE INTEREST OF A.W.M.** and M.L.M., Children

From the 285th Judicial District Court, Bexar County, Texas
Trial Court No. 2015-CI-05328
Honorable Michael E. Mery, Judge Presiding

Opinion by:      Rebeca C. Martinez, Chief Justice

Sitting:          Rebeca C. Martinez, Chief Justice
                  Patricia O. Alvarez, Justice
                  Beth Watkins, Justice

Delivered and Filed: August 11, 2021

REVERSED AND REMANDED

C.M.[1] ("Father") asserts the trial court reversibly erred by, among other issues, failing to

make findings of fact and conclusions of law after it granted appellee M.M. ("Mother")'s plea to

the jurisdiction, dismissing Father's suit to modify the parent-child relationship.  After reviewing

the record, we conclude the trial court's failure to make findings was error and harmed Father.

Because the judge presiding in the case has been replaced as a result of an election, we reverse the

trial court's judgment and remand the case to the trial court for further proceedings.

---

[1] To protect the identity of the minor children, we use the parties' and children's initials.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8(b)(2).

**BACKGROUND**

Mother and Father are the parents of the minor children, A.W.M. and M.L.M. In 2015, the trial court in Bexar County signed an agreed final decree of divorce, in which Mother was granted the exclusive right to designate the primary residence of the children without geographic location, except when on military deployment. Father was granted the exclusive right to designate the primary residence of the children during any military deployment of Mother. In 2019, Father filed a petition in Bexar County to modify the parent-child relationship, seeking primary conservatorship of M.L.M., with the exclusive right to designate the primary residence at all times and make educational and medical decisions for M.L.M. Father also sought that Mother have a standard possession order and pay child support. The petition stated that the trial court in Bexar County "has continuing, exclusive jurisdiction of this suit."

In March 2020, Mother filed a special appearance and plea to the jurisdiction, arguing that the court no longer had jurisdiction over the case because: (1) the home state of the children is California, (2) all pertinent information involving the children is in California, and (3) Father has not exercised access and visitation for five years and should be estopped from pursuing the same in Texas. Father did not file a response. The trial court held a hearing, at which Mother and Father appeared and testified. Mother and Father then submitted post-hearing briefing to the trial court, and the court subsequently granted Mother's plea to the jurisdiction. Father requested findings of fact and conclusions of law and also filed a notice of past due findings of fact and conclusions of law. The trial court did not file any written findings of fact and conclusions of law. Father also filed a motion for new trial, which was overruled by operation of law. Father appeals.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

In his final issue, which is dispositive, Father asserts that he is unable to properly present his appeal because the trial court failed to file findings of fact and conclusions of law after his

timely request. Father asserts that he is required to guess at the reasons the trial court granted the plea to the jurisdiction. We agree that Father is harmed by the trial court's failure to file necessary findings of fact and conclusions of law, and, consequently, we reverse. *See* TEX. R. APP. P. 44.1(a)(2) (prohibiting reversal of a judgment in a civil case on the ground that the trial court made an error of law unless the error "probably caused the rendition of an improper judgment" or "probably prevented the appellant from properly presenting the case to the court of appeals").

*A. Applicable Law*

In order to preserve error related to unfiled findings of facts and conclusions of law, the appellant must have (1) filed a timely request for the findings of fact and conclusions of law pursuant to Rule 296 of the Texas Rules of Civil Procedure; and (2) filed a timely "Notice of Past Due Findings of Fact and Conclusions of Law" pursuant to Rule 297. TEX. R. CIV. P. 296–97. If an appellant properly requests findings of fact and conclusions of law in accordance with Rules 296 and 297, and the trial court fails to comply, an appellant is presumed to be harmed if the appellant is forced to guess the basis of the trial court's decision and is thereby prevented from properly presenting her appeal. *Tenery v. Tenery*, 932 S.W.2d 29, 30 (Tex. 1996) (per curiam); *see also In re N.I.V.S.*, No. 04-14-00108-CV, 2015 WL 1120913, at *6 (Tex. App.—San Antonio Mar. 11, 2015, no pet.) (mem. op.).

"The appropriate question to consider in determining harm in such a case is whether the appellant will be forced to guess the reason or reasons that the trial court ruled against it." *McLaughlin, Inc. v. Northstar Drilling Techs., Inc.*, No. 04-02-00511-CV, 2003 WL 21696635, at *1 (Tex. App.—San Antonio July 23, 2003, no pet.) (mem. op.) (citation omitted); *cf. Tenery*, 932 S.W.2d at 30 (holding that trial court's failure to comply with Family Code provision requiring specific findings if the court deviates from the child support guidelines was harmful because it prevented appellant from effectively contesting the child support order). "If there is only a single

ground of recovery or a single defense, an appellant does not usually have to guess at the reasons for the trial court's judgment." *McLaughlin, Inc.*, 2003 WL 21696635, at *1 (citation omitted). "When there are two or more possible grounds of recovery or defense, [however], an appellant is forced to guess what the trial court found unless the trial court's findings are provided to him." *Id.* (citation omitted). "Forcing the appellant to guess at the trial court's reasons for rendering judgment defeats the inherent purpose of both [R]ule 296 and [R]ule 297, [which is to] narrow the bases of the judgment to only a portion of [the multiple] claims and defenses, thereby reducing the number of contentions that the appellant must raise on appeal." *Id.* (citation omitted).

*B. Analysis*

In Mother's plea to the jurisdiction, she asserted multiple grounds for recovery. On September 1, 2020, the trial court granted Mother's plea but failed to make any findings or provide any reasons for its decision in its order. On September 10, Father filed a timely request for findings of fact and conclusions of law. *See* TEX. R. CIV. P. 296 (requiring request to be filed within twenty days from the date of the judgment); *Rust v. Rust*, No. 04-17-00674-CV, 2018 WL 4760157, at *3 (Tex. App.—San Antonio Oct. 3, 2018, no pet.) (mem. op.) (allowing for findings of facts and conclusions of law related to a trial court's decision on a plea to the jurisdiction).[2] The findings of fact and conclusions of law were due to be filed on September 30. *See* TEX. R. CIV. P. 297 (requiring findings of fact and conclusions of law to be filed within twenty days after a timely request). When the trial court failed to meet this deadline, Father filed a timely notice of past due findings of fact and conclusions of law on September 30. *See id.* (requiring notice to be filed within thirty days after the original request).

---

[2] The clerk's record does not contain Father's initial request for findings of fact and conclusions of law. However, the record contains Father's notice of past due findings of fact and conclusions of law, which references the filing of his initial request for findings and conclusions, and the docket sheet includes an entry for Father's request for findings of fact and conclusions of law.

Mother does not dispute that Father complied with the Texas Rules of Civil Procedure by timely filing a request for findings of fact and conclusions of law in the trial court and by timely filing a notice of past due findings when the trial court had not entered findings and conclusions within twenty days of Father's request. *See id.* On these unique and undisputed procedural facts, Father has preserved error. *Cf. Ad Villarai, LLC v. Chan Il Pak*, 519 S.W.3d 132, 137 (Tex. 2017) (per curiam) (noting party waives its right to challenge a failure to file findings if it does not file a notice of past due findings as Rule 297 requires, and as a result, "filing a notice of past due findings is sufficient to preserve error for unfiled findings.").

Mother responds that it was Father's responsibility "to request a stay of Appellant [sic] proceedings and an order that the trial court prepare findings of fact and conclusions of law." However, Father's appeal is sufficient to challenge the unfiled findings and conclusions, and he was not required to pursue a stay on appeal. *See Larry F. Smith, Inc. v. The Weber Co.*, 110 S.W.3d 611, 616 (Tex. App.—Dallas 2003, pet. denied) (holding the trial court's failure to make written findings of fact and conclusions of law was harmful error when record revealed that appellant timely requested findings and timely filed its notice of past due findings).

Because the record reveals that Father timely requested findings of fact and conclusions of law and timely filed his notice of past due findings and conclusions, the trial court was required to comply with Father's request, and Father is presumed to be harmed absent compliance. *See Tenery*, 932 S.W.2d at 30; *McLaughlin, Inc.*, 2003 WL 21696635, at *1.

The presumption of harm is not overcome on this record. In Mother's special appearance and plea to the jurisdiction, she asserted multiple grounds as to why the court no longer had jurisdiction over the case, including that: (1) the home state of the children is California, (2) all pertinent information involving the children is in California, and (3) Father has not exercised access and visitation for five years and should be estopped from pursuing the same in Texas.

Father did not file a response. A hearing on the plea followed, at which both Mother and Father testified. Both parties submitted briefing after the hearing. In the trial court's order granting Mother's plea to the jurisdiction, it failed to include any reasons or findings for its order. Therefore, Father is still required to guess which of the several theories for lack of jurisdiction the trial court credited upon which contested evidence. *Compare McLaughlin, Inc.*, 2003 WL 21696635, at \*2 (holding record did not overcome the presumption of harm when no findings of fact were filed after appellant timely requested them, even though trial court verbally stated on the record part of its reason for entering judgment in favor of appellee), *with In re N.I.V.S.*, 2015 WL 1120913, at \*6 (holding record affirmatively showed appellant was not harmed by the absence of findings because appellant was not forced to speculate or guess as to the reasons trial court granted plea to the jurisdiction because trial court made clear findings in its order granting the plea).

Mother contends the trial court's failure to file findings of fact and conclusions of law is harmless because the trial court issued judge's notes detailing its findings. This court, however, has held "'[a] judge's handwritten notes are for his or her own convenience and form no part of the record.'" *Vo v. Vo*, No. 04-18-00194-CV, 2018 WL 5808303, at \*1 (Tex. App.—San Antonio Nov. 7, 2018, no pet.) (mem. op.) (citation omitted); *see also Cherokee Water Co. v. Gregg Cty. Appraisal Dist.*, 801 S.W.2d 872, 878 (Tex. 1990) (holding that judge's comments in letter to parties were not findings of fact "as contemplated by [R]ules 296–299 of the Texas Rules of Civil Procedure"); *Lares v. Muñiz*, No. 04-20-00047-CV, 2020 WL 2441423, at \*1 (Tex. App.—San Antonio May 13, 2020, no pet.) (mem. op.) (stating judge's notes do not constitute a judgment, decision, or order). The judge's notes do not substitute for findings of facts or conclusions of law.

We hold the trial court committed reversible error. *See* TEX. R. APP. P. 44.1(a)(2). The appropriate remedy, typically, is to abate the appeal and remand the case to the trial court for entry of findings of fact and conclusions of law. *See McLaughlin, Inc.*, 2003 WL 21696635, at \*2

("Because the record does not affirmatively show the trial court's reason for denying McLaughlin's counterclaims, this appeal is abated, and the cause is remanded to the trial court with instructions to enter findings of fact and conclusions of law."); *Brown v. McGonagill*, 940 S.W.2d 178, 180 (Tex. App.—San Antonio 1996, no writ). In this case, however, that remedy is not available because the judge who handled the case has been replaced as the result of an election after the time for filing the findings of fact and conclusions of law had passed. *See Ad Villarai*, 519 S.W.3d at 140–41 (discussing proper disposition for cases in which the period for filing findings of fact occurred entirely before the date on which the predecessor judge's term expired). Therefore, we must reverse and remand the cause for further proceedings. *See Larry F. Smith, Inc.*, 110 S.W.3d at 616 (reversing and remanding rather than abating when trial court failed to issue findings of fact and conclusions of law and trial judge who heard the case was no longer a sitting judge); *see also Liberty Mut. Fire Ins. v. Laca*, 243 S.W.3d 791, 796 (Tex. App.—El Paso 2007, no pet.) (reversing trial court's judgment and remanding case for a new trial after holding that trial court's failure to file findings of fact and conclusions of law was harmful error, but judge who presided over the case had been replaced as the result of an election).

Having sustained Father's final issue, we reverse the trial court's judgment and remand for further proceedings. Because we find this issue determinative of the appeal, we do not address Father's remaining issues. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

We reverse the trial court's judgment and remand the case to the trial court for further proceedings consistent with this opinion.

Rebeca C. Martinez, Chief Justice